# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ALICIA MADDOX and CHAD G. MADDOX,<br><br>*Plaintiffs*,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>*Defendant*. | CIVIL ACTION NO.<br>5:18-cv-00342-TES |

## ORDER GRANTING DEFENDANT'S MOTION TO STRIKE

Before the Court is Defendant State Farm Fire and Casualty Company's ("State Farm") Motion to Strike Plaintiff's Amended Complaint [Doc. 12]. For the reasons explained below, the Court **GRANTS** Defendant's motion [Doc. 12] and **STRIKES** Plaintiff's Amended Complaint [Doc. 10].

## FACTUAL BACKGROUND

Plaintiffs Alicia and Chad Maddox originally filed this action in the Superior Court of Upson County, Georgia. [Doc. 1-2, at p. 1]. On September 20, 2018, Defendant filed a timely Notice of Removal based on diversity jurisdiction. [Doc. 1-1]. On November 12, 2018, Plaintiffs attempted to amend their Complaint by serving an Amended Complaint on Defendant via first-class mail with claims for breach of contract, bad faith, and stubborn litigiousness. [Doc. 12, at p. 2]. Plaintiffs then filed a Notice of Amended

Complaint [Doc. 10] with the Court on November 20, 2018, but never sought the Court's leave to do so. Defendant now asks the Court to strike the Amended Complaint because the amendment was not made consistent with the requirements of Federal Rule of Civil Procedure 15. [Doc. 12, at pp. 3-4]. Defendant further argues that even if Plaintiff had complied with the requirements of Rule 15, leave to amend should be denied because the new claims asserted in the Amended Complaint would not survive a Rule 12(b)(6) motion to dismiss and amendment is therefore futile. Plaintiffs failed to file any response to the instant motion.

## **DISCUSSION**

The Court agrees with Defendant that Plaintiffs failed to comply with the requirements of Rule 15; therefore, the Court grants Defendant's Motion to Strike. Under Rule 15,

> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). If the time for amendment as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Assuming without deciding that the 21-day period for amendment as a matter of right began to run on the date Defendant filed its notice of

2

removal, Plaintiff had until October 11, 2018, to file an amendment as a matter of right under Rule 15(a)(1).[1] However, as noted above, Plaintiffs did not file their Amended Complaint with the Court until November 20, 2018—well after the deadline for amending their Complaint as a matter of right. Accordingly, Plaintiffs' Complaint was not properly amended pursuant to Rule 15(a)(1). Nor was Plaintiffs' Complaint properly amended under Rule 15(a)(2). Plaintiffs neither sought nor did the Court grant leave to amend their Complaint and Defendant likewise denies giving Plaintiffs consent to amend their Complaint. *See* [Doc. 12, at p. 4].

Nevertheless, in light of Rule 15(a)(2)'s direction that the Court "should freely give leave" to amend, the Court need not strike Plaintiffs' Amended Complaint if "leave to amend *would have been granted had it been sought* and when it does not appear that any of the parties will be prejudiced by allowing the change." *Hoover v. Blue Cross & Blue Shield of Ala.*, 855 F.2d 1538, 1544 (11th Cir. 1988). In this case, however, the Court would not have allowed Plaintiffs to amend their Complaint because the claims they added would not have survived a motion to dismiss; therefore, amendment would have been futile. *See Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Rule 15(a) gives a district

---

[1] Defendant maintains that the 21-day period for amendment as a matter of right began to run when it filed its notice of removal. *See* [Doc. 12, at p. 3] ("The Notice of Removal (and, thus, Plaintiff's original Complaint) was filed on September 20, 2018.") (citing *Williams v. Boeher*, No. 1:09–CV–3630–RWS, 2010 WL 3883443, at *2 (N.D. Ga. Sept. 28, 2010) ("Defendants' Notice of Removal, and thus Plaintiffs' Complaint, was filed December 28, 2009. Plaintiffs filed their Motion to Amend on January 13, 2010–within the 21 day window.")). Although the Court is not entirely convinced that this is a correct statement of the law, it will assume that it is for purposes of this motion as it is the latest point in time from which the 21-day period could run, and therefore, the most generous to the non-moving party.

court 'extensive discretion' to decide whether or not to allow a party to amend a complaint. This liberal discretion is not abused when the amendment would prejudice the defendant, follows undue delays, or is futile.") (internal citations omitted). An amendment is futile if the amendments fail to state a claim. *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008) ("Because justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim."). Accordingly, the question is whether Plaintiffs' additional claims could survive a Rule 12(b)(6) motion. The Court finds that they could not.

Plaintiffs' bad faith claim is deficient because, to pursue a claim for bad faith, Plaintiffs must first provide notice to Defendant that it is facing a bad faith claim. *BayRock Mortg. Co. v. Chic. Title Ins. Co.*, 648 S.E.2d 433, 435 (Ga. Ct. App. 2007) ("[Plaintiff]'s demand would have been insufficient because, on its face, it served only to give [Defendant] notice of its claim based on a disputed title. A demand made under [Ga. Code Ann.] § 33-4-6 must give the insurer notice that it is facing a bad faith claim."). Because Plaintiffs' bad faith claim could only proceed if they had given Defendant notice of the potential bad faith claim, Plaintiffs must have alleged in their Amended Complaint that that they gave such notice. However, nowhere in Plaintiffs' Amended Complaint do they make such an allegation. *See generally* [Doc. 10]. Instead, Plaintiffs simply allege that "they made a timely written demand to Defendant for the outstanding damages to their

residence." [*Id.* at ¶ 8].

Moreover, even if Plaintiffs' had alleged that they satisfied the notice requirement for a bad faith claim, such allegations would have been refuted by the substance of the demand letter itself.[2] The letter made no reference to a potential bad faith claim or Georgia's bad faith statute nor did it threaten litigation. *See* [Doc. 12-1, at p. 2]; *Arrow Exterminators, Inc. v. Zurich Am. Ins. Co.*, 136 F. Supp. 2d 1340, 1357 (N.D. Ga. 2001) (holding that demand letter did not satisfy notice requirement for bad faith claim where letter did not reference bad faith, Georgia's bad faith stature, or threaten litigation). For these reasons, the Court finds that granting Plaintiffs leave to amend their Complaint to add a bad faith claim would have been futile.

Likewise, the Court finds that an amendment to Plaintiffs' Complaint to add a claim under Ga. Code Ann. § 13-6-11 would have been futile. Georgia Code Annotated § 13-6-11 authorizes an award of litigation expenses if a party in the dispute has been stubbornly litigious. However, the Georgia Supreme Court held in *McCall v. Allstate Insurance Co.* that the exclusive remedy for recovering litigation expenses in insurance cases is Ga. Code Ann. § 33-4-6. 310 S.E.2d 513, 515-16 (Ga. 1984); *see also Howell v. S.*

---

[2] Although the Court does not generally look beyond the pleadings in deciding a motion to dismiss, it may consider documents that are central to Plaintiffs' claims and undisputed. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). In this case, Plaintiffs specifically reference the demand letter in their Amended Complaint and the viability of one of their claims turns on the demand letter's substance. Thus, the Court finds that the demand letter is central to Plaintiffs' claims. Plaintiffs also failed to dispute the validity of the demand letter by failing to submit a response to Defendant's motion to strike. Consequently, the Court will consider the demand letter in determining whether Plaintiffs' Amended Complaint would survive a motion to dismiss.

5

*Heritage Ins. Co.*, 448 S.E.2d 275, 276 (Ga. Ct. App. 1994) ("Howell's claim for attorney fees and expenses of litigation under [Ga. Code Ann.] § 13-6-11 is not authorized. The penalties contained in [Ga. Code Ann.] § 33-4-6 are the exclusive remedies for an insurer's bad faith refusal to pay insurance proceeds."). Because Plaintiffs specifically assert a remedy for stubborn litigiousness under Ga. Code Ann. § 13-6-11, the Court finds that this claim would not survive a motion to dismiss and is therefore futile. [Doc. 10, at ¶ 12].

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Strike [Doc. 12]. Accordingly, the Court **STRIKES** Plaintiffs' Notice of Amended Complaint [Doc. 10].

**SO ORDERED**, this 8th day of January, 2019.

          **S/ Tilman E. Self, III**
          **TILMAN E. SELF, III, JUDGE**
          **UNITED STATES DISTRICT COURT**